PROB 12C
(6/16)

Report Date: January 24, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 24, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Melissa C. Clark | Case Number: 0980 2:15CR00144-SMJ-2 |
| Address of Offender: ▓▓▓▓▓▓▓▓▓▓, Spokane, Washington 99208 | |
| Name of Sentencing Judicial Officer: The Honorable Salvador Mendoza, U.S. District Judge | |
| Date of Original Sentence: September 13, 2016 | |
| Original Offense: | Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1344; Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1); Possession of Stolen Mail, 18 U.S.C. § 1708 |
| Original Sentence: Prison - 24 months TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: Russell E. Smoot | Date Supervision Commenced: December 19, 2018 |
| Defense Attorney: Federal Defender's Office | Date Supervision Expires: December 18, 2021 |

### PETITIONING THE COURT

To issue a **warrant**.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #12**: The defendant must live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| | **Supporting Evidence**: On or about January 14, 2019, Melissa Clark made a change to her living arrangements without notifying the undersigned officer. |
| | On December 19, 2018, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Clark, as outlined in the judgment and sentence. She signed the judgment acknowledging the requirements. |
| | On January 22, 2019, this officer was contacted by community corrections officer Makayla Potter, of the Washington State Department of Corrections, who is also currently supervising Ms. Clark. She informed this officer she had received information that the offender was no longer residing at her previously approved address. Officer Potter stated that she had spoken with the paternal grandmother of Ms. Clark's children, who advised her that the offender had only been to the home once in the last week, for a short period of time. |

Prob12C
Re: Clark, Melissa C
January 24, 2019
Page 2

Later that date, on January 22, 2019, this officer conducted an unscheduled home visit at Ms. Clark's last known address. The father of Ms. Clark's children, and his mother, confirmed that the offender had not been staying at the home for a few weeks. Ms. Clark's family had reached out to the paternal grandmother and informed her that the offender was dating a convicted felon and known drug dealer.

As such, they confirmed that Ms. Clark was no longer welcome to stay at their residence. They were most concerned about her young son, who reportedly does very well in school and loves playing basketball, explaining that he stares for hours out the front window waiting for his mom to come home and will often cry. At this time, Ms. Clark's whereabouts remain unknown.

2    **Standard Condition #15**: The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**Supporting Evidence**: On January 11, 2019, Ms. Clark was stopped by a deputy with the Spokane County Sheriff's Office. At the time of the stop, Ms. Clark was with Merced Zamora, an individual who she knows to be a convicted felon and currently engaged in criminal activity.

On December 19, 2018, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Clark, as outlined in the judgment and sentence. She signed a copy of the judgment acknowledging the requirements.

On December 19, 2018, while conducting the offender's initial intake, she informed the undersigned officer that she was dating Mr. Zamora.

Ms. Clark did inform this officer that Mr. Zamora is a felon who was previously on state and federal supervision. She assured this officer that he was sober and living with his mother in Yakima, Washington. The offender was informed that this officer would be conducting a background check on Mr. Zamora before granting her authorization to associate with Mr. Zamora.

On January 2, 2019, Ms. Clark reported to the U.S. Probation Office to meet with this officer. During that meeting, the offender was advised that this officer had reviewed Mr. Zamora's criminal history and had major concerns. The offender informed this officer that there would not be an issue because she was no longer dating Merced Zamora. She claimed that he seemed "jealous of her children" and "needy of her time," so she suggested they do their own thing so she could work on herself. Ms. Clark also mentioned possibly requesting a no contact order because Mr. Zamora did not seem to comprehend that she no longer wanted to date him. This officer adamantly agreed and suggested she instead focuses on finding employment, caring for her children, and engaging in treatment.

On January 11, 2019, according to the Spokane County Sheriff's Office incident report (case #2019-10004713), Ms. Clark was a passenger in a vehicle being driven by Merced Zamora. Mr. Zamora's license is currently suspended in the third degree. The couple was stopped by a sheriff's deputy for making an improper left turn and finally came to a stop after driving for 3 blocks. During the stop, a second officer saw a clear plastic bag, containing what appeared to be a white crystal-like substance, from where they stood outside the car. The

plastic bag was lying between the driver's seat and the center console.
While doing an inventory search of the vehicle prior to it being towed, a black handgun was located in the center console. The firearm was in a holster with a magazine loaded in the gun. At that point, the inventory search was discontinued.

3    **Standard Condition #16**: If the defendant is arrested or has any official contact with a law enforcement officer in a civil or criminal investigative capacity, the defendant must notify the probation officer within 72 hours.

**Supporting Evidence**: On January 11, 2019, at approximately 12:08 a.m., Ms. Clark and her boyfriend, Merced Zamora, were stopped by deputies with the Spokane County Sheriff's Office.

On December 19, 2018, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Clark, as outlined in the judgment and sentence. She signed a copy of the judgment acknowledging the requirements.

On January 17, 2019, the undersigned officer received notification from the Spokane County Sheriff's Office that the offender had been stopped by law enforcement officers on January 11, 2019. Ms. Clark has failed to contact this officer to advise that she had contact with law enforcement, and attempts by this officer to contact Ms. Clark to discuss the issue have been unsuccessful.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    01/24/2019

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[x]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

01/24/2019
Date